UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 06-CV-20077
HON. GEORGE CARAM STEEH

ANTHONY GIGNAC,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF FIRST SUPERSEDING INFORMATION (#46)

Defendant Anthony Gignac moves to dismiss Count Two of a First Superseding Information charging him with attempted bank fraud in violation of 18 U.S.C. § 1344. A hearing on the motion was held on April 16, 2007 prior to sentencing. For the reasons stated on the record and herein, defendant's motion will be DENIED.

Count II of the First Superseding Information reads:

> Between approximately February 20, 2004 and February 27, 2004, in the Eastern District of Michigan, Southern Division and elsewhere, the defendant ANTHONY GIGNAC, together with persons know and unknown, devised and executed a scheme to obtain monies owned by, and in the custody and control of, a federally insured financial institution by means of materially false and fraudulent pretenses, representations or promises, as follows:
>
> 1. The defendant acted knowingly and with the intent to defraud.
>
> 2. In executing his scheme, defendant:
>
> a) caused to be drafted letters addressed to WITNESS#1, an employee of Citibank, New York on behalf of "Khalid bin al-Saud;"
>
> b) caused to be drafted one typewritten letter authorizing Citibank to close a Trust Account containing $3,900,000 and providing that the funds should be disposed through wire transfer and cashier's checks, including the

issuance of a cashier's check for $2,025,000 in the name "Khalid bin al-Saud." This letter was endorsed "Khalid bin al-Saud" in the presence of a commissioned Notary Public and the defendant affixed a fingerprint to the document;

c) one handwritten letter signed "Khalid bin al-Saud," instructing WITNESS#1 to send a cashier's check made out to "Khalid bin al-Saud" for $650,000 to a Beverly Hills, California address;

d) caused the letters to be sent to WITNESS#1 at Citibank Private Banking via Federal Express;

e) made three follow up telephone calls to WITNESS#1 on February 26 and 27, 2004 wherein the defendant himself identified himself a "Khalid bin al-Saud," calling to follow up on the documents that had been Federal Expressed to WITNESS#1's office at Citibank.

3. By his false representation and fraudulent conduct, the defendant attempted to obtain in excess of $3,900,000 of monies belonging to, and in the custody and control of Citibank, a financial institutions [sic] whose deposits were then insured by the Federal Deposit Insurance Corporation.

4. All in violation of Title 18, United States Code, Sections 1344.

Defendant pleaded guilty to the attempted bank fraud charge on October 12, 2006, and filed the instant motion to dismiss on March 9, 2007.

At the outset, defendant did not move to withdraw his October 12, 2006 guilty plea before filing his March 9, 2007 motion to dismiss. "A defendant may withdraw a guilty plea 'after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal.'" United States v. Ellis, 470 F.3d 275, 280 (6th Cir. 2006) (quoting Fed. R. Crim. P. 11(d)(2)(B) (2002)); United States v. Blacyki, No. 95-2332, 1996 WL 469154, at * 2 (citing Fed. R. Crim. P. 32(e) (1999) prior to 2002 amendment moving rule to Rule 11(e)). A defendant bears the burden of proving he is entitled to withdraw his guilty plea. Ellis, 470 F.3d at 280; Blacyki, 1996 WL 469154, at * 2. In exercising discretion in deciding a motion to withdraw a guilty plea, a court should consider factors such as; (1) the amount of time that has elapsed between the plea and motion to withdraw; (2) the presence (or absence) of a valid reason for the failure to move

for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.  Ellis, 470 F.3d at 281 (quoting United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir. 1994)); Blacyki, 1996 WL 469154, at * 2 (same).

     Almost five months passed between the time defendant pleaded guilty on October 12, 2007 and moved to dismiss on March 9, 2007.  The rule allowing for the withdrawal of a guilty plea is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."  Ellis, 470 F.3d at 280-81 (quoting United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991)).  Delays shorter than the five-month delay here have been found to weigh heavily against granting a motion to withdraw a guilty plea.  Ellis, 470 F.3d at 281 (citing precedential examples of four-month delay, 75-day delay, 77-day delay, 67-day delay, and five-week delay strongly supporting denial of the motion).  There is no apparent reason for the delay.  Defendant has continuously been represented by counsel, and his prior criminal record as reflected in the Presentence Investigation Report demonstrates defendant has considerable past experience with the criminal justice system.

     Defendant's only argument to support the inferential withdrawal of his guilty plea, as advanced in his motion to dismiss, is that Count II of the First Superceding Information does not charge an actionable crime under 18 U.S.C. § 1344 because the Citibank Trust Account referred to in the First Superceding Information was a fictional bank account, and therefore it was impossible for Citibank to be in "custody and control" of funds for the account and there could be no victim.  Defendant cites two Fifth Circuit cases to support

3

his position, United States v. Briggs, 939 F.2d 222 (5th Cir. 1991) and United States v. Medeles, 916 F.2d 195 (5th Cir. 1990).

In Briggs, a panel of the Fifth Circuit held that the act of causing a wire transfer from an employer's account to a criminal defendant employee's account could not support a § 1344 conviction because a transfer request of itself does not constitute an explicit false representation, statement or promise. Briggs, 939 F.2d at 226. The Briggs court relied on the Fifth Circuit's holding in Medeles that "the depositing of a series of known insufficient funds checks does not alone constitute 'false or fraudulent pretenses, [or] representations.'" Briggs, 939 F.2d at 226 (quoting Medeles, 916 F.2d at 202 (brackets in original)).  "The bare act of instructing a bank to transfer funds is not a factual representation; thus it cannot be a *mis*representation, a *false* representation, or *any kind* of representation." Briggs, 939 F.2d at 226 (emphasis in original).

The Sixth Circuit has rejected Briggs and Medeles, holding that the mere act of depositing a known check of insufficient funds falls within the defraud provisions of § 1344(1), "thereby joining those circuits that have interpreted § 1344(1) to encompass check-kiting schemes within its strictures." United States v. Stone, 954 F.2d 1187, 1190 (6th Cir. 1992) (citing cases from the Third, Fourth, and Seventh Circuits). See also Cross v. United States, No. 95-5375, 1996 WL 367593, **1 (6th Cir. July 1, 1996).  Further, the scheme to defraud as alleged in Count Two of the First Superceding Information expressly includes more than the mere act of sending Citibank a notarized letter authorizing a wire transfer of $3,900,000.00 to defendant; the alleged scheme to defraud also included follow-up letters and telephone calls to Citibank personnel.  Defendant's argument of legal impossibility premised on Briggs and Medeles is not well taken.

Defendant's argument of factual impossibility - that he could not steal money from a non-existent account - is also unavailing.  Factual impossibility is not a defense to an

attempt crime.  <u>United States v. Peete</u>, 919 F.2d 1168, 1175-76 (6th Cir. 1990).  The fact that there was no victim is due to the nature of the charged crime, an attempt crime.  Further, the charge is that defendant "attempted to obtain in excess of $3,900,000 of monies belonging to, and in the custody and control of Citibank," and is not limited to fraudulently obtaining money from a specific account.  Attempt simply requires proof of an intent to engage in criminal activity and one overt act constituting the commission of the substantive crime.  <u>United States v. Reeves</u>, 794 F.2d 1101, 1105 (6th Cir. 1986).  Use of a fictional bank account as the initial and substantial step in attempting to defraud Citibank out of $3,900,000.00 held in its custody and control is sufficient to support an attempt conviction under § 1344.

Defendant has failed to demonstrate a fair and just reason for withdrawing his October 12, 2006 guilty plea.  Defendant's motion to dismiss is also, independently, without merit.  Accordingly,

Defendant's motion to dismiss is hereby DENIED.

SO ORDERED.

Dated:  April 18, 2007

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 18, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk